### DELIA FAILDE v. UNITED STATES

**No. 8024.**—Entered at Tampa, Fla.
Entry No. 2.

(Decided July 11, 1951)

*John F. Kavanagh* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Joseph E. Weil* and *John J. Antus*, special attorneys), for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement is unique in the respect that the question of valuation is not pleaded; neither is the matter of a rate of duty depending on a valuation involved. In this action the plaintiff contends that increased or supplemental duties should have been or now should be accepted by the collector and the provisions of section 489 of the Tariff Act of 1930 for the assessment of additional duties be waived. So far as pertinent, said section 489 provides:

SEC. 489. ADDITIONAL DUTIES.

If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the entered value, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total final appraised value thereof for each 1 per centum that such final appraised value exceeds the value declared in the entry. * * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the United States Customs Court, upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *

Entry was made on July 1, 1946, at £25–0–0 each, plus packing and carting to port, by the plaintiff, a customhouse broker, for the account of Evans Operations, Inc. On October 8, 1948, the customs examiner and acting appraiser sent a form (exhibit 1) advising that the proper valuation for these motorcycles was £32–9–2, plus packing, and stating:

Should you desire to amend your entry (entries) in accordance with the above it is requested that you do so not later than October 22, 1948.

A dated stamp on this form shows receipt thereof by the plaintiff on October 9, 1948.

On Thursday, October 21, 1948, plaintiff prepared an amended entry (collective exhibit 2) increasing the entered value to the amount suggested by the acting appraiser, and forwarded it to the collector's office. This amended entry was not accepted by the collector for the reason that the supplemental duties due thereon, in the amount of $300.80, were not deposited with the amendment.

Plaintiff testified that she had had difficulties in reaching the manager of Evans Operations, Inc., in order to get the money to make the deposit of the supplemental duties, because he had been out of the city; that on October 21, 1948, she had telephoned the appraiser's office and notified it she had just been promised a check from the Miami office of Evans Operations, Inc., which she assumed she would have on Monday morning, October 25, 1948; and that the supplemental duties would be paid before noon on Monday, October 25, 1948.

She also testified that she received the check by mail at 8:30 a. m. on Monday, October 25, made out to her order; that she was waiting until 9:30 a. m. for the bank to open so she could cash the check and make the legal tender of the supplemental duties, when she received a phone call from Deputy Collector Harry A. Warren advising that the appraiser had appraised the merchandise; the amendment to the entry was no longer permissible; and that now he would not accept the payment of the supplemental duties.

It appears that the appraisement was completed about 9:45 a. m. on Monday, October 25, 1948.

Plaintiff contends that even granting the appraiser completed the appraisement at 9:45 a. m., the report thereof could not have reached the collector's office before 10:00 a. m. that morning and therefore the phone call from the collector's office to the plaintiff, advising that the payment of the supplemental duties would not be accepted, must be considered as a waiver of any tender. This argument is based on a wrong premise and must be rejected. Section 487 of the Tariff Act of 1930 provides:

The consignee or his agent may, under such regulations as the Secretary of the Treasury may prescribe, at the time entry is made, or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement, make in the entry such additions to or deductions from the cost or value given in the invoice as, in his opinion, may raise or lower the same to the value of such merchandise.

Accordingly, the timeliness of an amended entry is not predicated upon the completion of the appraisement or the lodging of the appraiser's report of value with the collector. To be timely, an amended

entry, with a deposit of the supplemental duty, if any is due, must be made before the time the invoice or the merchandise comes under the observation of the appraiser for the purpose of appraisement. There is no evidence in this record that the invoice or the merchandise had not come under the observation of the appraiser for the purpose of appraisement prior to the telephone conversation between the collector's office and the plaintiff on October 25, 1948.

The action of the appraising officials granting the plaintiff from October 8 to October 22 within which to file an amendment to the entry appears to be gratuitous and generous. The failure of the plaintiff to take advantage of the privilege within the granted time, does not warrant any criticism of the appraiser's official action which was not taken until .after the period of grace had expired. This would appear true whether or not plaintiff's request for still more time was either misunderstood or denied.

As soon as the invoice or the merchandise came before the appraiser for purposes of appraisement, acceptance of supplemental duties by the collector would not legalize the attempted amended entry. At that time the entered value became fixed and as soon as the appraiser lodged his report of value with the collector, the appraised value became fixed.

When the collector gave the consignee, his agent, or his attorney a written notice that the appraised value exceeded the entered value, such appraised value became complete and the effect of any related provisions of the law attached. The attempt of the plaintiff to be relieved of the effect of the provisions of section 489, *supra*, applying additional duties because the appraised value exceeded the entered value—not by way of seeking a judicial determination of a valuation sufficiently low that no additional duties would attach, but rather by merely tendering to the collector the amount of the increased duties—can not be justified.

I know of no provision of law, and none has been brought to my attention, that authorizes the collector to accept increased duties at any time or in any manner, regardless of the guise or description used, that would affect the application or mitigation of the provisions of section 489, *supra*, in regard to additional duties, except, as provided in said section 489, in the case of a clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the United States Customs Court, pursuant to a timely petition, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The amount or legal effect of an appraised value can not be disturbed or rendered inoperative except by process of litigation pursuant to existing law.

When counsel for the plaintiff rested, counsel for the defendant moved to dismiss this appeal upon the grounds that the plaintiff had failed to sustain the burden of offering any competent proof to overcome the appraisement made by the appraiser. The motion was taken under advisement. Thereupon, counsel for the defendant offered in evidence a report of Charles Schlager, Treasury representative (collective exhibit 4), and a report of S. J. Kennedy, supervising Treasury attaché (collective exhibit 5). These reports establish that a foreign value existed for these WD/RE motorcycles without speedometers, which was higher than the export value thereof. In 28 U. S. C. § 2631, it is provided:

Every written appeal to the Customs Court for a reappraisement of merchandise shall be assigned to one of the judges of such court who shall after affording the parties an opportunity to be heard on the merits, determine the value of such merchandise.

On this record I find the proper basis of value for the involved merchandise to be the foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and that such value was the appraised value.

Judgment will be rendered accordingly.